UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-60098

VINETTE SMITH,

    Plaintiff,

v.

HYUNDAI CAPITAL AMERICA, INC. d/b/a
KIA MOTORS FINANCE;
AMERICAN IMPORT CAR SALES, INC. d/b/a
HOLLYWOOD KIA;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
AND TRANSUNION, LLC,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, Vinette Smith, by and through her attorneys, and files this action against Hyundai Capital America, Inc. d/b/a Kia Motors Finance ("KMF"); American Import Car Sales, Inc. d/b/a Hollywood Kia ("American Import" or "Hollywood Kia") (collectively the "Kia Defendants"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Transunion, LLC ("Transunion") (collectively, "Credit Bureau Defendants"), for damages and alleges as follows:

### PRELIMINARY STATEMENT

1. As described more fully below, Defendants improperly reported Plaintiff as delinquent on an automobile lease payment even though her final payment was waived in connection with a trade-in transaction.

2. The relevant payment was never late or delinquent.

3. Plaintiff disputed the inaccurate reporting to the Kia Defendants and the Credit Bureau Defendants.

4. Defendants failed to correct the information and Plaintiff was thereby damaged.

5. Accordingly, Plaintiff brings this action for damages arising out of Defendants' violations of the Fair Credit Reporting Act ("FCRA").

## THE PARTIES

6. Plaintiff is a resident of the State of Florida and, more specifically, Miami-Dade County.

7. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a(c).

8. Defendant KMF is a California corporation headquartered and with a principal place of business located in Irvine, California. KMF regularly conducts business activities in this judicial district.

9. Defendant Hollywood Kia is a Florida corporation headquartered and with a principal place of business located in Hollywood, Florida.

10. Equifax is a Georgia corporation registered to do business in the state of Florida.

11. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

12. Equifax compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a(p).

13. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

14. Equifax, Inc., the parent company of Equifax, is traded on the New York Stock Exchange under the symbol EFX.

15. Experian is an Ohio corporation registered to do business in the state of Florida.

16. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

17. Experian compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a(p).

18. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

19. Experian PLC, the parent company for Experian, is traded on the London Stock Exchange under the symbol EXPN.

20. Transunion is a Delaware corporation registered to do business in the state of Florida.

21. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

22. Transunion compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a(p).

23. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

24. TransUnion, the parent company of Defendant Transunion, is traded on the New York Stock Exchange under the symbol TRU.

25. Plaintiff has retained Lomax Legal PLLC to represent her in this action and is obligated to pay reasonable attorney's fees and costs for its services in this matter.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1331.

27. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1367 and 15 U.S.C. § 1681p et seq.

28. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the causes of action alleged herein occurred in this District and the parties either reside, have a principal place of business, or engaged in substantial business activity in this District.

## FACTUAL ALLEGATIONS

29. In 2016, Plaintiff cosigned a lease for a 2017 Kia Cadenza from Brahman Kia (the "Original Lease"). The lease term was scheduled to end on April 1, 2020.

30. The primary lessor, Smith Capital Investments, made lease payments every month, without fail.

31. Prior to the expiration of the lease term, in February 2020, Smith Capital Investments was approached by a sales representative at Hollywood Kia (Brahman Kia closed

during the pendency of the Original Lease) about the possibility of returning the 2017 Kia Cadenza early and entering a new lease agreement with similar monthly payments.

32. The Hollywood Kia sales representative ("HK Sales Representative") explained that Hollywood Kia would cover or be responsible for the remaining payments due under the Original Lease Agreement.

33. On February 29, 2020, Smith Capital Investments returned to Hollywood Kia to turn in the 2017 Kia Cadenza and enter a new lease for a 2019 Kia Cadenza ("New Lease").

34. During the sales process, it became apparent that the HK Sales Representative was new to the job and required a great deal of guidance from other Kia personnel.

35. During the sales process, the HK Sales Representative assured Smith Capital Investments, again, that Hollywood Kia would cover or be responsible for any final payments due under the Original Lease.

36. Smith Capital Investments completed the transaction, entered the New Lease, and left Hollywood Kia with the 2019 Kia Cadenza.

37. Neither Plaintiff nor Smith Capital Investments heard anything from KMF or Hollywood Kia regarding the Original Lease, any outstanding payments, or otherwise.

38. Then, during the summer of 2020, Plaintiff and Smith Capital Investments received a letter from KMF stating that the final payment under the Original Lease was outstanding.

39. Smith Capital Investments contacted Hollywood Kia to inquire about the letter. Smith Capital Investments spoke to the HK Sales Representative who stated that the letter was sent in error, likely due to an issue with an automated notification system at Hollywood Kia.

40. Neither Plaintiff nor Smith Capital Investments heard anything more about the alleged outstanding payment.

41. However, Plaintiff's credit reports reflect that an outstanding payment was never made on the Original Lease and, accordingly, missed payments are being erroneously reported every month on Plaintiff's credit report.

42. This reporting is inconsistent with the information Smith Capital Investments and Plaintiff received directly from KMF—including statements by KMF personnel that the Original Lease was paid in full, and a written payoff statement showing payment history reflecting that the Original Lease was, indeed, "paid in full."

43. After numerous attempts to resolve this matter by phone, Smith Capital Investments went, in person, to Hollywood Kia to speak with the HK Sales Representative responsible for this ordeal. The HK Sales Representative admitted that he forgot to complete the necessary paperwork to close out the Original Lease and ensure that any outstanding payments thereunder would be handled by Hollywood Kia or otherwise cancelled—as originally promised.

44. The HK Sales Representative assured Smith Capital Investments that the issue would be resolved.

45. Shortly thereafter, the HK Sales Representative told Smith Capital Investments that his manager refused to take responsibility for Hollywood Kia's error and offered to settle the dispute for $200.

46. Hollywood Kia and the HK Sales Representative's errors were further magnified when Smith Capital Investments requested copies of all documents related to the Original Lease and the New Lease.

47. After making that request, Smith Capital Investments realized that none of the documents related to the Original Lease or New Lease were provided on the day the New Lease was entered.

48. In fact, the HK Sales Representative, in an effort to conceal further mistakes, forged documents after the fact to make it appear as though they were completed at the time the New Lease was entered.

49. As a result of Defendants false reports of outstanding payments, Plaintiff's credit profile suffered tremendously.

50. Defendants' erroneous reporting affected and continues to affect Plaintiffs' creditworthiness and credit score.

51. Plaintiff suffered damage and continues to suffer damage to her reputation because it falsely appears that she has been delinquent in her financial responsibilities.

52. This false information was published to numerous third parties.

53. This false information reflected poorly on Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

54. Plaintiff suffered damages including, *inter alia*, loss of credit, loss of money due to loss of credit, loss of ability to purchase and benefit from credit, lost time, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**COUNT I – WILLFUL VIOLATION OF THE FCRA BY THE KIA DEFENDANTS**

55. Plaintiff adopts and realleges the allegations contained in paragraphs 1-54 as if fully set forth herein.

56. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq (the "Act").

57. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

58. The Kia Defendants are furnishers pursuant to the Act.

59. Pursuant to the Act, a furnisher of disputed information is to be notified by the reporting agency when the agency receives notice of dispute from a consumer such as the Plaintiff.

60. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

61. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

62. The Kia Defendants willfully and recklessly violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the disputes of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

63. The Kia Defendants continued to report a delinquency on the Original Lease on the Plaintiff's credit report after being notified of her disputes regarding the Original Lease delinquency as described above.

64. As a result of the conduct, action, and inaction of the Kia Defendants, Plaintiff suffered damage as described above.

65. Plaintiff is entitled to recover reasonable costs and attorney's fees from each of the Kia Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff demands judgment against the Kia Defendants for damages, injunctive relief, attorney's fees, costs, and all other relief this Court deems appropriate.

**COUNT II- NEGLIGENT VIOLATION OF THE FCRA BY THE KIA DEFENDANTS**

66. Plaintiff adopts and realleges the allegations contained in paragraphs 1-54 as if fully set forth herein.

67. This is an action for negligent violation of the FCRA.

68. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

69. The Kia Defendants are furnishers pursuant to the Act.

70. Pursuant to the Act, a furnisher of disputed information is to be notified by the reporting agency when the agency receives notice of dispute from a consumer such as the Plaintiff.

71. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

73. As described above, Kia Defendants are liable to Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

74. After receiving the dispute notice(s) from the Bureaus, Kia Defendants negligently failed to conduct a reinvestigation in good faith.

75. A reasonable investigation would require furnishers such as the Kia Defendants to consider and evaluate a specific dispute by the Plaintiff, along with all other facts, evidence and materials provided by the agency to the Kia Defendants.

76. The conduct, action and inaction of the Kia Defendants was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

77. As a result of the conduct, action and inaction of the Kia Defendants, Plaintiff suffered damage as described above.

78. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Kia Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment against each of the Kia Defendants for damages, injunctive relief, attorney's fees, costs and any other relief this Court may deem appropriate.

### COUNT III – FRAUDULENT, DECEPTIVE AND UNFAIR TRADE PRACTICES BY THE KIA DEFENDANTS

79. Plaintiff adopts and realleges the allegations contained in paragraphs 1-54 as if fully set forth herein.

80. This is an action for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.203(3) ("FDUTPA").

81. The Kia Defendants are engaged in the conduct of trade and commerce in the State of Florida.

82. As reflected in Paragraphs 28 through 52, *supra*, the Kia Defendants have engaged in deceptive and unfair business practices in the conduct of trade or commerce in violation of the FDUTPA.

83. As a direct, proximate, and foreseeable result of the Kia Defendants' violations of FDUTPA, Plaintiff suffered and continues to suffer actual damages.

84. Pursuant to Fla. Stat. § 501.2105, Plaintiff is entitled to recover her attorneys' fees and costs from the KIA Defendants.

WHEREFORE, Plaintiff demands judgment against each of the Kia Defendants for damages, injunctive relief, attorney's fees, costs and any other relief this Court may deem appropriate.

### COUNT IV – WILLFUL VIOLATION OF THE FCRA BY EACH CREDIT BUREAU DEFENDANT

85. Plaintiff adopts and realleges the allegations contained in paragraphs 1-54 as if fully set forth herein.

86. This is an action for willful violation of the FCRA.

87. Each Credit Bureau Defendant violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Credit Bureau Defendant maintained or furnished concerning the Plaintiff.

88. Each Credit Bureau Defendant violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed information within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

89. Alternatively, upon information and belief, each Credit Bureau Defendant further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the Kia Defendants of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

90. Each Credit Bureau Defendant has willfully and recklessly failed to comply with the Act.

91. The failure of each Credit Bureau Defendant to comply with the Act includes but is not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c. The failure to promptly and adequately investigate information which each Credit Bureau Defendant had notice was inaccurate;

   d. The continual placement of inaccurate information onto the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Credit Bureau Defendant to delete;

   f. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

92. As a result of the conduct, action and inaction of the Credit Bureau Defendants, Plaintiff suffered damage as described above.

93. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

94. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff demands judgment against each of the Credit Bureau Defendants for damages, injunctive relief, attorney's fees, costs and any other relief this Court may deem appropriate.

### COUNT VI- NEGLIGENT VIOLATION OF THE FCRA BY THE CREDIT BUREAU DEFENDANTS

95. Plaintiff adopts and realleges the allegations contained in paragraphs 1-54 as if fully set forth herein.

96. This is an action for negligent violation of the FCRA.

97. Each Credit Bureau Defendant violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed information within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

98. Each Credit Bureau Defendant has negligently failed to comply with the Act.

99. The failure of each Credit Bureau Defendant to comply with the Act includes but is not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

  c. The failure to promptly and adequately investigate information which each Credit Bureau Defendant had notice was inaccurate;

  d. The continual placement of inaccurate information onto the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Credit Bureau Defendant to delete;

  f. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

  g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

100. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

101. The conduct, action and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

102. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment against each of the Credit Bureau Defendants for damages, injunctive relief, attorney's fees, costs and any other relief this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff further demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff demands judgment against each Defendant as follows:

a) For actual damages pursuant to 15 U.S.C. § 1681o(a);

b) For actual damages pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages pursuant to 15 U.S.C. § 1640(a)(s);

d) For punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e) For attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

f) For injunctive relief; and

g) For any other relief this court may deem appropriate.

January 17, 2024

Respectfully Submitted,

LOMAX LEGAL PLLC
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: 305.582.6506
Facsimile: 305.503.6897

/s/ Christopher M. Lomax
**Christopher M. Lomax Esq.**
Florida Bar No. 56220
Chris@LomaxLegal.com